# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **MARGARITO GONZALEZ,** | ) |
| *pro se,* | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) **Case No. 7:09-cv-2596-JHH-MHH** |
| | ) |
| **WARDEN RODNEY HUNTLEY,** | ) |
| *et al.,* | ) |
| | ) |
| **Respondents.** | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pursuant to 28 U.S.C. § 2254, petitioner Margarito Gonzalez seeks relief from his state court conviction for trafficking and possessing marijuana.[1]  In his *pro se* petition and in his reply to the State's brief, Gonzalez asserts two federal constitutional challenges to his conviction:  he contends that he was denied effective assistance of counsel at various stages of his state court proceedings, and he argues that he was denied due process because the sentence enhancements that the state trial court applied were not incorporated in his indictment.  (Docs. 1, 21)  For the reasons

---

[1]  Mr. Gonzalez's name appears as "Gonzales" in certain portions of the record.  In this opinion, the Court uses the spelling on Mr. Gonzalez's habeas petition.

1

that follow, the Court finds that Mr. Gonzalez is not entitled to habeas relief.[2]

## I.    FACTUAL BACKGROUND

On March 14, 2003, an Alabama Grand Jury indicted Mr. Gonzalez on one count of trafficking in cannabis and one count of first degree possession of marijuana, violations of Alabama Code §§ 13A-12-231 and 13A-12-213, respectively. (Doc. 8-1, pp. 10-11). On May 15, 2003, Mr. Gonzalez pled not guilty to the charges against him. (Doc. 8-1, p. 41). Two months later, in conjunction with a pretrial conference, the State of Alabama ("the State") filed a "Notice of Intent to Invoke Enhanced Sentencing Pursuant to 13A-12-250 & 13A-12-270." (Doc. 8-1, pp. 5, 43). The notice provides that under Alabama Code §§ 13A-12-250 and 13A-12-270, "the defendant is subject to additional consecutive five-year sentences upon proof that the sale offense charged in this action occurred within three miles of a school and/or

---

[2]    When he filed his petition, Mr. Gonzalez was confined at the Childersburg Community Work Center in Childersburg, Alabama. (Doc. 1, p. 8). On April 13, 2011, Mr. Gonzalez filed a notice of change of address. (Doc. 22). His new address suggests that he no longer is incarcerated. The Court contacted the Alabama Department of Corrections and discovered that Mr. Gonzalez has been on probation since April, 2011. His release from custody does not moot his petition. "Section 2254, by its literal terms, applies to persons 'in custody,' but the Supreme Court has held that section 2254(a) is satisfied so long as the petitioner is in custody when the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed. 2d 540 (1989) (per curiam). Completion of a criminal sentence does not render a petition for habeas relief moot because the ongoing collateral consequences of a wrongful conviction, such as the possible enhancement of a later criminal sentence on the basis of the earlier wrongful conviction, satisfy the case-or-controversy jurisdictional requirement of Article III of the Constitution. *Spencer v. Kemma*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998)." *Jamerson v. U.S. Dep't of Corrections*, 410 F.3d 682, 686 (11th Cir. 2005).

within three miles of a housing project, respectively." (Doc. 8-1, p. 43).

Unpersuaded by Mr. Gonzalez's entrapment defense, on December 17, 2004, a jury in the Circuit Court of Tuscaloosa County, Alabama found Mr. Gonzalez guilty of unlawful possession of marijuana first degree and trafficking in cannabis. (Doc. 8-1, pp. 7-8, 74-75). The jury also concluded that Mr. Gonzalez committed the trafficking offense within three miles of a school and of a housing project. (Doc. 8-1, pp. 7-8).

On May 24, 2005, the trial court sentenced Mr. Gonzalez, a one-time previous felony offender, to 25 years imprisonment on the trafficking conviction and two years imprisonment on the possession conviction. (Doc. 1, ¶ 3; Doc. 8-1, p. 9).[3] The trial court directed that the two year sentence on the possession count should run concurrently with the 25 year sentence on the trafficking count. (Doc. 8-1, p. 9).

Mr. Gonzalez appealed his conviction to the Alabama Court of Criminal Appeals. In a memorandum opinion dated February 17, 2006, that court affirmed the trial court's decision. (Doc. 1, ¶9; Doc. 9-6). The Alabama Court of Criminal Appeals subsequently denied Mr. Gonzalez's application for rehearing. (Doc. 9-7).

---

[3]   Because prior to his sentencing for trafficking, Mr. Gonzalez previously had been convicted of a felony, the trial court had to impose a minimum 15 year sentence on the trafficking count. Ala. Code. §§ 13A-5-9(a)(3) & 13A-12-231(1), (13). The trial court added ten years to Mr. Gonzalez's sentence because the school and housing project enhancements both carry five year prison terms. Ala. Code §§ 13A-12-250, 13A-12-270. The trial court also imposed a fine and various state assessments. (Doc. 8-1, p. 9).

Mr. Gonzalez did not seek certiorari review in the Alabama Supreme Court. Consequently, the state court judgment against Gonzalez became final on March 28, 2006. (Doc. 9-8).

Within one year of the final judgment, on February 9, 2007, Mr. Gonzalez filed a petition in the state trial court seeking post-conviction relief pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure*. (Doc. 1, ¶ 11; Doc. 9-9, pp. 3-60, 78-84).[4] In that petition, he sought relief based on various theories, including ineffective assistance of counsel and lack of jurisdiction to impose the "schoolyard" and "housing project" enhancements because the enhancements were "never charged in the indictment." (Doc. 1, ¶ 11; Doc. 9-9, pp. 14-15, 80-84).

The trial court conducted an evidentiary hearing on Gonzalez's Rule 32 petition. (Doc. 10-2, pp. 48 *et seq.*). The trial court received testimony from Mr. Gonzalez and his wife and from his trial counsel, Mr. Bivens. (Doc. 10-3, pp. 23, 41, 70). Mr. Gonzalez did not call his appellate counsel to testify at the hearing, and he did not offer evidence regarding his claim that his appellate counsel rendered ineffective assistance. (Doc. 10-6, pp. 7-8). The state trial court denied Gonzalez's

---

[4] The petition's certificate of service is dated February 9, 2007. The petition, submitted by Gonzalez while incarcerated, is therefore deemed filed on that date. *See, e.g., Houston v. Lack*, 487 U.S. 266 (1988) (regarding "mailbox rule"); *Holland v. State*, 621 So. 2d 373 (Ala. Crim. App. 1993) (unsworn certificate of service on Rule 32 petition accepted as true when unchallenged in the trial court).

petition on March 28, 2008.  (Doc. 1, ¶ 11(a)(8); Doc. 10-2, pp. 23-28).

Mr. Gonzalez challenged the order denying his Rule 32 petition in the Alabama Court of Criminal Appeals.  (Doc. 10-2, pp. 302-304).  In *Gonzales v. State*, CR-07-1310 (Ala. Crim. App. Sept. 25, 2009), the Court of Criminal Appeals affirmed the trial court's judgment.  (Doc. 10-6).  Mr. Gonzalez applied for rehearing, but he was unsuccessful.  (Doc. 10-7; 10-8).  He then filed a petition for a writ of certiorari in the Alabama Supreme Court.  In his writ petition, he essentially reasserted the theories of relief that he presented in his Rule 32 motion.  (Doc. 10-9).  On December 11, 2009, the Alabama Supreme Court denied Mr. Gonzalez's petition and entered a certificate of judgment.  (Doc. 10-10).

On December 17, 2009, Mr. Gonzalez filed his federal habeas petition.  (Doc. 1, p. 1).[5]  Mr. Gonzalez does not take issue with his conviction for possession of marijuana.  Instead, his habeas petition focuses on his trafficking conviction and the related sentence enhancements. In his petition Mr. Gonzalez raises two general theories of relief:  ineffective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution and *Strickland v. Washington*, and

---

[5]    Mr. Gonzalez signed the petition form and dated it as having been "executed" on December 17, 2009.  (Doc. 1, p.  8).  Consequently, the Court deems the petition filed on that date.  The Clerk of Court docketed Mr. Gonzalez's habeas petition on December 29, 2009.  (Doc. 1, p. 1).

deprivation of due process.  With respect to his ineffective assistance of counsel argument, Mr. Gonzalez asserts that his trial counsel (1) failed to challenge the admissibility during his trial of marijuana evidence from another case; (2) failed to challenge the sentencing enhancements because they were not included in his indictment; (3) failed to object to the prosecutor's characterization of Gonzalez as a "major drug dealer"; and (4) failed to protect Mr. Gonzalez by repeating the prosecutor's accusation that Mr. Gonzalez was a "major drug dealer" within the hearing of the jury.  (Doc. 1, pp. 4-7).  Mr. Gonzalez criticizes his appellate counsel for his failure to address a *Batson* jury selection issue in Mr. Gonzalez's direct appeal. (Doc. 1, pp. 6-7).  Mr. Gonzalez contends that he was deprived of due process because his indictment did not include sentencing enhancements that were imposed at trial.  (Doc. 1, pp. 4-7).

On February 11, 2010, the Court ordered the State to show cause why the Court should not grant the relief that Mr. Gonzalez requested.  (Doc. 6).  The State responded on March 2, 2010 and submitted evidentiary material in support of its response. (Docs. 7-10).  Mr. Gonzalez filed a reply brief on June 9, 2010. (Doc. 21).

Mr. Gonzalez's petition is ripe for decision.

## II.   DISCUSSION

As discussed fully below, the Court denies Mr. Gonzalez's § 2254 petition for

habeas corpus with respect to his contention that his appellate counsel was ineffective because Mr. Gonzalez did not properly preserve the argument in state court. The Court also denies Mr. Gonzalez's request for relief based on his trial attorney's purported ineffective assistance because Mr. Gonzalez has not demonstrated that his attorney's conduct was deficient or that he was prejudiced because of his attorney's alleged insufficient representation. Finally, the Court is unpersuaded by Mr. Gonzalez's *Apprendi* argument regarding the trafficking sentence enhancements because the State provided pretrial notice of the enhancements, and the jury made the requisite findings of fact regarding the enhancements.

**A.    Mr. Gonzalez is procedurally barred from pursuing his ineffective assistance of appellate counsel argument.**

This Court may not reach the merits of Mr. Gonzalez's argument that his state court appellate counsel was ineffective because Mr. Gonzalez did not preserve the issue properly. Mr. Gonzalez contends that his appellate attorney should have presented a *Batson* argument in Mr. Gonzalez's direct appeal from his state court conviction. (Doc. 1, pp. 6-7). Mr. Gonzalez raised this ineffective assistance of counsel argument in his state post-trial motion; however, at the hearing on his Rule 32 motion, Mr. Gonzalez did not present evidence to support his contention that his appellate attorney's performance was deficient. In its order affirming the trial court's

7

denial of Mr. Gonzalez's Rule 32 motion, the Alabama Court of Criminal Appeals held that:

> Gonzalez presented no evidence whatsoever regarding this claim nor did he call his appellate counsel (who was different than his trial counsel) to testify at the evidentiary hearing. Therefore, this claim is deemed abandoned.

(Doc. 10-6, p. 22). The abandoned claim rule is well-settled under Alabama law. *See*, *e.g.*, *Miller v. State*, 99 So. 3d 349, 425 (Ala. Crim. App. 2011); *Brooks v. State*, 929 So. 2d 491, 497 (Ala. Crim. App. 2005) ("At the evidentiary hearing Brooks failed to ask [appellate counsel] any questions concerning her reasons for not pursuing many of the claims he now challenges on direct appeal. We have held that a petitioner is deemed to have abandoned [an ineffective assistance of counsel] claim if he fails to present any evidence to support the claim at the evidentiary hearing.").

"'[W]hen a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review,'" and the federal claim is procedurally defaulted. *Taylor v. Secretary, Dep't of Corrections*, 2013 WL 491570, *1 (11th Cir. Feb. 11, 2013) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)). The Eleventh Circuit employs a three-part test to determine whether a state court decisions rests upon an "independent and adequate"

state ground:

> (1) 'the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim'[; (2)] the state court's decision must rest solidly on state law grounds, and may not be 'intertwined with an interpretation of federal law[;]' and (3) the state procedural rule must not be applied in an arbitrary or unprecedented fashion. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).

*Mason v. Allen*, 605 F.3d 1114, 1119-20 (11th Cir. 2010).  Because the Alabama Court of Civil Appeals did not apply Alabama's abandoned claim rule in an arbitrary or unprecedented fashion, the state court's denial of Mr. Gonzalez's ineffective assistance of appellate counsel claim rests on an independent and adequate state ground.

Because his ineffective assistance of appellate counsel argument is procedurally defaulted, the Court may reach the merits of the argument only if Mr. Gonzalez can demonstrate either (1) that there was "cause" for the default and resulting "prejudice," or (2) that failure to review the claim will result in a "fundamental miscarriage of justice." *Spencer v. Secretary, Dep't of Corr.*, 609 F.3d 1170, 1179-80 (11th Cir. 2010); *In re Davis*, 565 F.3d 810, 821 (11th Cir. 2009). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly

in the state court." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (quotation marks and citation omitted); *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Henderson*, 353 F.3d at 892 (citation omitted).   The "miscarriage of justice" exception applies "where a constitutional violation has resulted in the conviction of someone who is actually innocent." *House v. Bell*, 547 U.S. 518, 536 (2006) (citation omitted).  "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Mr. Gonzalez cannot demonstrate that some objective factor external to the defense impeded his effort to raise his ineffective assistance of appellate counsel claim in state court.  Based on the state court record, it is apparent that Mr. Gonzalez's Rule 32 counsel did not argue that Mr. Gonzalez's appellate counsel was ineffective for failing to appeal the trial court's ruling on Gonzalez's *Batson* motion because the argument would have been frivolous.  Alabama law provides that to succeed on a *Batson* challenge, the "burden of persuasion is initially on the party alleging discriminatory use of peremptory challenges to establish a prima facie case

10

of discrimination. In determining whether there is a prima facie case, the court is to consider 'all relevant circumstances' which could lead to an inference of discrimination." *Ex parte Branch*, 526 So. 2d 609, 622 (Ala. 1987) (quoting *Batson v. Kentucky*, 476 U.S. 79, 93 (1986)).  The trial court properly found that Mr. Gonzalez's trial counsel did not make a prima facie showing that race motivated the State's use of its peremptory strikes.  (Doc. 8-3, pp. 31-32).  Mr. Gonzalez's trial counsel merely stated:

> I'm putting on the record a challenge to the State's method of striking under *Batson* and asking them to justify their strikes ... I didn't have any clear reading from some of the jurors that they said anything that would cause them to be struck ... there's just a limited number [of black jurors] to be on the jury panel, and that's why I raised the question.

(Doc. 8-3, pp. 31-32).  The trial court replied, "I don't find a prima facie case has been made, so we'll seat the jury."  (Doc. 8-3, p. 32). Mr. Gonzalez's trial attorney made no effort to pursue the argument.

Thus, Mr. Gonzalez's appellate counsel did not appeal the *Batson* ruling because the argument would be meritless under Alabama law, and his Rule 32 counsel undoubtedly understood that she would be unable to develop evidence to support an ineffective assistance of appellate counsel claim.  Nothing "external" to the case affected Mr. Gonzalez's Rule 32 counsel's strategy.

Mr. Gonzalez does not argue that he is innocent of the crime of trafficking marijuana. To the contrary, Gonzalez asserted an entrapment defense at trial. (Doc. 21, p. 21). Under Alabama law, Mr. Gonzalez had to concede that he committed the underlying crime to pursue the entrapment defense. *See Davis v. State*, 840 So. 2d 945, 948 (Ala. Crim. App. 2002) (an entrapment defense under Alabama law requires that a defendant who committed a crime demonstrate that he was induced to do so by an agent of the state when he ordinarily would not engage in criminal activity) (relied on by Mr. Gonzalez at Doc. 21, p. 33). Thus, the Court's finding that Mr. Gonzalez's ineffective assistance of appellate counsel claim is defaulted will not result in a fundamental miscarriage of justice. *See House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

For these reasons, Mr. Gonzalez's ineffective assistance of appellate counsel claim is procedurally defaulted.

**B.    Mr. Gonzalez's ineffective assistance of trial counsel arguments are unpersuasive.**

In his habeas petition, Mr. Gonzalez contends that his trial counsel's performance was constitutionally deficient because counsel did not object to certain evidence regarding 4.6 pounds of marijuana that Mr. Gonzalez sold. In addition, Mr. Gonzalez asserts that his trial counsel was ineffective because he did not object when

the prosecutor called Gonzalez a "major drug dealer." Familiar standards govern the Court's evaluation of the merits of Mr. Gonzalez's ineffective assistance of trial counsel claims.

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right applies in state criminal actions via the Due Process Clause of the Fourteenth Amendment. *See Gideon v. Wainright*, 372 U.S. 335, 343-44 (1963). "It has long been recognized that the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To establish a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate (1) that "counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense" because the "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner generally carries the burden to establish both components. *Lawhorn v. Allen*, 519 F.3d 1272, 1293 (11th Cir. 2008) (citing *Atkins v. Singletary*, 965 F.2d 952, 958-59 (11th Cir.1992)).[6]

---

[6] An exception to the petitioner's burden to prove prejudice lies where the circumstances of counsel's ineffective assistance "are so likely to prejudice the accused that the cost of litigating their effect ... is unjustified." *United States v. Cronic*, 466 U.S. 648, 658 (1984). Such circumstances exist when "the accused is denied counsel at a critical stage of his trial ... [or when] counsel entirely fails to subject the prosecution's case to meaningful adversarial

To establish a constitutionally deficient performance by counsel, the Eleventh

Circuit has explained that the defendant must:

> 'identify the acts or omissions ... that are alleged not to have been the result of reasonable professional judgment' to 'show that counsel's representation fell below an objective standard of reasonableness' and 'outside the wide range of professionally competent assistance.' *Strickland*, 466 U.S. at 687, 690.  The 'highly deferential' reviewing court must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' *id.* at 689, and recognize that cases warranting the grant of habeas relief based on an ineffective assistance claim 'are few and far between.'  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quotation and citation omitted). ... '[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' ' *Strickland*, 466 U.S. at 689. ... Because 'it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight,' *Bell v. Cone*, 535 U.S. 685, 702 (2002), we must make 'every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' *Strickland*, 466 U.S. at 689.

*Lawhorn*, 519 F.3d at 1293-94.

If the petitioner successfully identifies constitutionally deficient performance,

then to prove prejudice, he must convince the court, "that there is a reasonable

probability that, but for the counsel's unprofessional errors, the result of the

---

testing." *Id.* at 659.

14

proceeding would have been different.  A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

While a petitioner need not show that counsel's deficient conduct "more likely than

not altered the outcome of the case," it is not enough for the petitioner to show that

counsel's errors merely had "some conceivable effect on the outcome of the

proceeding."  466 U.S. at 693.

The Court finds Mr. Gonzalez's arguments regarding ineffective assistance of

trial counsel unpersuasive.

### 1.    Failure to Object to Marijuana Evidence

According to Mr. Gonzalez, his trial counsel was ineffective because he did not

object to the introduction of evidence regarding 4.6 pounds of marijuana that were

not in Mr. Gonzalez's possession at the time of his arrest and that were subject to a

certificate of analysis that bore the name of the individual to whom Mr. Gonzalez sold

the 4.6 pounds of marijuana.  (Doc. 21, pp. 1-12).  Mr. Gonzalez framed the issue this

way in his Rule 32 petition:

> Trial Counsel failed to object to the State using the marijuana of a
> separate and distinct case.  State Exhibit 40, now, **Petitioners Exhibit
> "A"**,clearly shows that suspects Christopher Knox, Billy Jennings,
> Johnetta Knox, were in Possession [sic] of two thousand seventy point
> seven grams or four point six pounds of the marijuana introduced at
> Gonzales' [sic] trial.

> **Petitioners Exhibit "B"**, The Certificate of Analysis bearing Gonzales'
> [sic] name, shows 130.37 grams.  This quantity of marijuana does not
> constitute Trafficking in Marijuana.  The State used the marijuana of
> three other individuals, (Exhibit A) with a different case number to
> obtain a trafficking in marijuana conviction against Gonzales [sic].  Trial
> Transcript Pages (449-452) - (482-492)
>
> **Petitioners Exhibit "C"**
> Gonzales [sic] claims that had Counsel objected to the State's use of the
> marijuana belonging to other individuals, in his case, the outcome of the
> proceeding would have been different.

(Doc. 9-9, pp. 78-79).

The trial court denied Mr. Gonzalez's Rule 32 petition on this ground, finding

that Gonzalez "failed to prove he was entitled to relief on this claim by a

preponderance of the evidence."  (Doc. 10-2, pp. 25-26).  The trial court noted that

there was "no proof" that five pounds of marijuana was brought into the courtroom

during trial.  (Doc. 10-2, p. 25).

The Alabama Court of Criminal Appeals agreed with the trial court that Mr.

Gonzalez's ineffective counsel argument regarding the marijuana evidence was

"meritless."  (Doc. 10-6, pp. 9-10).  The Court explained that the marijuana evidence

was not inadmissible against Mr. Gonzalez simply because it was found in the

possession of the confidential informant to whom Mr. Gonzlez sold it at the time of

Gonzalez's arrest.  (Doc. 10-6, p. 11) ("Contrary to Gonzalez's contention, merely because he was not found in possession of the 4.6 pounds of marijuana that he had obtained from Jennings and sold to Douglass does not render the marijuana inadmissible against him.").  Moreover, the evidence was not inadmissible against Mr. Gonzalez "merely because that marijuana could also be used in a case against" the individual who sold the marijuana to Gonzalez.  *Id.*  Consequently, an objection to the evidence would have been "baseless," and "'counsel could not be ineffective for failing to raise a baseless objection.'" (Doc. 10-6, p. 11) (quoting *Bearden v. State*, 825 So. 2d 868, 872 (Ala. Crim. App. 2001)).  The appellate court added that by stipulating that there was a certificate of analysis relating to the 4.6 pounds of marijuana that Gonzalez argues should not have been admitted against him, Mr. Gonzalez's trial counsel kept that certificate out of evidence, thereby giving Mr. Gonzalez a possible strategic advantage because that certificate of analysis contained information about "the larger amounts of marijuana that were not related to the trafficking or possession charges against Gonzalez."  (Doc. 10-6, p. 11).

This Court agrees with the Alabama Court of Civil Appeals. Mr. Gonzalez has not demonstrated that his trial counsel's conduct "'fell below an objective standard of reasonableness,'" and he has failed to overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"

*Lawhorn*, 519 F.3d at 1293-94.   As the Alabama Court of Civil Appeals held, objection to admission of the 4.6 pounds of marijuana would have been futile under Alabama law.  (Doc. 10-6, p. 11).   *U.S. v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992)("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client."); *Palmes v. Wainright*, 725 F.2d 1511, 1523 (11th Cir. 1984) ("The sixth amendment right to effective assistance of counsel does not require counsel to raise every objection without regard to its merits.").  Indeed, "the challenged action 'might be considered sound trial strategy'" because by keeping the certificate of analysis at issue out of evidence, Mr. Gonzalez's trial counsel kept from the jury evidence about sizeable amounts of marijuana that were related to the transaction that led to Mr. Gonzalez's arrest.  *Lawhorn*, 519 F.3d at 1293-94 (quoting *Strickland*, 466 U.S. at 687, 689).  Consequently, the Court denies Mr. Gonzalez's application for writ of habeas corpus on this ground.  18 U.S.C. §2254 (d).

## 2.   Failure to object when the prosecutor called Mr. Gonzalez a "major drug dealer."

Mr. Gonzalez argues that his trial counsel was ineffective because counsel did not object when the prosecutor referred to Gonzalez as a "major drug dealer," and

counsel later repeated the prosecutor's words to the jury.[7]  (Doc. 1, p. 6).  Gonzalez

contends the label was prejudicial because "Gonzalez's defense was that of

entrapment.  Certainly, if the jury believed that Gonzalez was in fact a major drug

dealer, then they would not be willing to believe his defense of entrapment."  (Doc.

1, p. 6).  In denying Mr. Gonzalez's Rule 32 petition, the trial court found that the

remark from Mr. Gonzalez's attorney "was meant as sarcasm."  (Doc. 10-2, p. 26).

The Alabama Court of Criminal Appeals agreed.  The appellate court wrote:

> It is clear from the context in which counsel made the remarks that he
> was doing so sarcastically in an attempt to make the jurors believe that
> the State's theory that Gonzales was, in fact, a major drug dealer was
> ridiculous under the facts.  In light of Gonzales's defense of entrapment,
> this was clearly trial strategy on the part of counsel and did not
> constitute ineffective assistance.

(Doc. 10-6, p. 12-14).

In keeping with the cases discussed above, this Court finds Mr. Gonzalez's

arguments regarding ineffective assistance of counsel unpersuasive on this point.

Consistent with the holdings of the trial court and the Alabama Court of Criminal

Appeals, this Court finds that Mr. Gonzalez's trial counsel made a strategic decision

to use the prosecution's phrase "major drug dealer" sarcastically to show the jury that

---

[7]    In his reply brief, Mr. Gonzalez states that he was called a "major drug dealer" or "big-time
drug dealer."  (Doc. 21, p. 18).

Mr. Gonzalez was not such a person.

There is nothing in Mr. Gonzalez's petition or in the record that enables Mr. Gonzalez to overcome the presumption that trial counsel engaged in a constitutionally permissible trial tactic. *See Lawhorn*, 519 F.3d at 1293-94. Accordingly, the Court rejects Mr. Gonzalez's claim of ineffective assistance of trial counsel based on this theory.[8]

### C. The State's failure to include sentence enhancements in Mr. Gonzalez's indictment does not violate *Apprendi*.

Mr. Gonzalez contends that his indictment is constitutionally deficient because it does not mention the schoolyard and housing project sentence enhancements under Alabama Code §§ 13A-12-250 and 13A-12-270 that extended his prison term by ten years. Mr. Gonzalez argues that the omission constitutes a denial of due process under *Apprendi v. New Jersey*, 530 U.S. 466 (2002).

Citing *Hale v. State*, 848 So. 2d 224 (Ala. 2002), the Court of Criminal Appeals found that Mr. Gonzalez's argument was "meritless" because "the sentence

---

[8]   All trial tactics carry risks and benefits. If Mr. Gonzalez's attorney had objected to the prosecutor's statement and the trial judge had overruled the objection, Mr. Gonzalez would have been stuck with the label. Had counsel objected and the trial court sustained the objection, then jurors may have wondered why Gonzalez's attorney was so troubled by the expression. In short, an objection is not always the best way for an attorney to combat opposing counsel's turn of phrase.

enhancements in §§ 13A-12-250 and 13A-12-270 do not have to be charged in the indictment." (Doc. 10-6, p. 17). In *Hale*, the Alabama Supreme Court held that "the absence of sentence enhancement allegations from the indictment does not deprive the trial court of jurisdiction to impose the enhancements." 848 So. 2d at 233. Mr. Gonzalez takes issue with the Court of Criminal Appeals's decision, arguing that Alabama state law on this procedural issue is at odds with *Apprendi* and that *Apprendi* trumps the state court decisions. (Doc. 21, pp. 17-18).

In a footnote in *Apprendi*, the United States Supreme Court noted that the defendant "relies entirely on the fact that the 'due process of law' that the Fourteenth Amendment requires the States to provide to persons accused of crime encompasses the right to a trial by jury, and the right to have every element of the offense proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 477, n. 3 (citations omitted). The Court stated, "Apprendi has not here asserted a constitutional claim based on the omission of any reference to sentence enhancement or racial bias in the indictment . . . We thus do not address the indictment question separately today." *Apprendi*, 530 U.S. at 477, n. 3. The Court nevertheless indicated that state prosecutors should charge information relating to sentence enhancements in indictments, writing that in *Jones v. United States*, 526 U.S. 227 (1999), the Court "noted that 'under the Due process Clause of the Fifth Amendment and the notice and jury trial guarantees of the

Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt.'  The Fourteenth Amendment commands the same answer in this case involving a state statute."  *Apprendi*, 530 U.S. at 476 (quoting *Jones*, 526 U.S. at 243, n. 6).

The Supreme Court's recent discussion in *Alleyne* leaves no doubt that, "widely recognized principles follow[] a well-established practice of including in the indictment, and submitting to the jury, every fact that was a basis for imposing or increasing punishment."  *Alleyne v. United States*, 133 S. Ct. 2151, 2159 (2013). Tracing these principles to court practices dating from the 1840's onward, Justice Thomas explained:

> This rule "enabled [the defendant] to determine the species of offence" with which he was charged "in order that he may prepare his defence accordingly ... and *that there may be no doubt as to the judgment which should be given,* if the defendant be convicted." Archbold 44 (emphasis added). As the Court noted in *Apprendi*, "[t]he defendant's ability to predict with certainty the judgment from the face of the felony indictment flowed from the invariable linkage of punishment with crime."  530 U.S., at 478, 120 S. Ct. 2348.

*Alleyne*, 133 S.Ct. at 2160 (emphasis in original).[9]  Recognizing the notice component of due process and citing *Apprendi*, the Court observed, "[d]efining facts that increase

---

[9]    *Apprendi* looks back to common law to examine the information which the State must include in an indictment.  *Apprendi*, 530 U.S. at 480-81.

a mandatory statutory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment." *Alleyne*, 133 S. Ct. at 2161 (citing *Apprendi*, 530 U.S., at 478-479, 120 S.Ct. 2348).

On the record in this case, this discussion about *Apprendi* and *Alleyne* is academic because the jury, not the trial judge, found that Mr. Gonzalez committed the crime of trafficking in marijuana within three miles of a school and a public housing project. (Doc. 8-1, pp. 7-8,74).  The jury's factual findings produced the sentence enhancements that the trial court applied under Alabama Code §§ 13A-12-250 and 13A-12-270.[10] This jury finding satisfies the letter of *Apprendi*.  Moreover, although the indictment may not satisfy the spirit of *Apprendi*, Mr. Gonzalez received written notice of the State's intent to seek the school and housing project enhancements on July 7, 2003, more than 18 months before Mr. Gonzalez's trial began.  (Doc. 8-1, pp. 5-6, 43).  Therefore, Mr. Gonzalez had adequate notice of the State's plan to pursue those sentence enhancements well in advance of trial.  He and his attorney had enough time to formulate a strategy for responding to the State's efforts to prove the facts relating to the sentence enhancements.

---

[10]    Because prior to his sentencing for trafficking, Mr. Gonzalez previously had been convicted of a felony, the trial court had to impose a minimum 15 year sentence on the trafficking count. Ala. Code §§ 13A-5-9(a)(3) & 13A-12-231(1), (13).  The trial court added ten years to Mr. Gonzalez's sentence because the school and housing project enhancements both carry five year prison terms. Ala. Code §§ 13A-12-250, 13A-12-270.

Consequently, the Court is unpersuaded by Mr. Gonzalez's argument that the State's failure to charge the school and housing project sentence enhancements in the indictment violated *Apprendi*.[11]

## III.  CONCLUSION

For the foregoing reasons, Mr. Gonzalez's § 2254 petition is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

**DONE** this the ___25th___ day of September, 2013.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[11]    Similarly, *Apprendi* afforded Mr. Gonzalez's trial counsel no legal basis for objecting to the failure of the State to charge the sentence enhancements at in the indictment.  Consequently, Mr. Gonzalez's argument that his trial counsel's performance was deficient for failing to challenge the indictment fails.

24